# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MECHEL BLUESTONE, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 14-0419** (BOR Appeal No. 2048791)
                    (Claim No. 2012023333)

**THOMAS ATWOOD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mechel Bluestone, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Thomas Atwood, by Reginald D. Henry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2014, in which the Board affirmed an August 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed two July 31, 2012, claims administrator decisions. The Office of Judges Ordered that temporary total disability benefits be paid from February 5, 2012, through November 19, 2012, and thereafter as substantiated by proper medical evidence. The Office of Judges further Ordered that the condition of full-thickness rotator cuff tear be added as a compensable condition of the claim and that left shoulder arthroscopy be authorized. The Office of Judges also reversed the claims administrator's July 5, 2012, and June 20, 2012, decisions which denied authorization for a left shoulder arthroscopy and granted Mr. Atwood forty-two days of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Atwood worked as a miner for Mechel Bluestone, Inc. On January 14, 2012, Mr. Atwood was injured when he slipped on a frozen rock. He was initially treated at Plateau Medical Center and complained of left shoulder pain as well as limited range of motion of the shoulder. His records from the visit indicated that he had a history of acute bursitis and degenerative joint disease of the shoulder. His records included ongoing treatment for shoulder pain and a CT scan taken on January 12, 2012, which revealed acute bursitis and mild osteoarthritis of the left shoulder. At the time, he was diagnosed with a fracture of the distal phalanx of the right thumb and a contusion of the left shoulder. Mr. Atwood came under the care of Michael Kominsky, D.C., who believed that he may need surgery for his left shoulder. Dr. Kominsky also believed Mr. Atwood would be unable to work through June 30, 2012. An MRI was then taken of Mr. Atwood's shoulder, which revealed a full-thickness tear of the left shoulder rotator cuff. Mr. Atwood submitted an application for workers' compensation benefits based on this injury, and the claims administrator initially rejected his claim.

Mr. Atwood protested this decision, and on May 14, 2012, the Office of Judges reversed the claims administrator's rejection of the claim. The Office of Judges determined that Mr. Atwood had been injured in the course of and resulting from his employment. It noted that Mr. Atwood had pre-existing left shoulder problems, but it found that the January 14, 2012, injury had aggravated his pre-existing shoulder condition. The Office of Judges specifically held the claim compensable for a left shoulder contusion and a right distal phalanx fracture. Based on this Order, on June 20, 2012, the claims administrator granted Mr. Atwood forty-two days of temporary total disability benefits for his contusion and thumb fracture. Dr. Kominsky, however, requested that full-thickness tear of the left shoulder rotator cuff be added as a compensable condition of the claim. Saghir Mir, M.D., also evaluated Mr. Atwood, and he determined that Mr. Atwood had a left shoulder rotator cuff tear. He believed that this condition would require surgery but that Mr. Atwood would be able to return to work in the beginning of November of 2012 if the surgery was performed immediately. On July 5, 2012, the claims administrator denied authorization for a left shoulder arthroscopy. In two separate decisions on July 31, 2012, the claims administrator also denied Dr. Kominsky's request to add full-thickness tear of the left shoulder rotator cuff as a compensable condition of the claim and closed the claim for temporary total disability benefits. Following these decisions, Dr. Kominsky treated Mr. Atwood and indicated that he would continue to be disabled until November 19, 2012. Prasadarao B. Mukkamala, M.D., also evaluated Mr. Atwood and determined that his rotator cuff tear was not a compensable condition of the claim because his shoulder problems pre-dated the compensable injury. Dr. Mukkamala believed Mr. Atwood's rotator cuff tear was caused by his degenerative shoulder condition. On August 30, 2013, the Office of Judges reversed the June 20, 2012; July 5, 2012; and both July 31, 2012, claims administrator decisions. The Office of Judges added full-thickness tear of the left shoulder rotator cuff as a compensable condition. It authorized the requested left shoulder arthroscopy. The Office of Judges also granted Mr. Atwood temporary total disability benefits from February 5, 2012, through November 19, 2012. The Board of Review affirmed the Order of the Office of Judges on March 31, 2014, leading Mechel Bluestone, Inc., to appeal.

The Office of Judges concluded that Mr. Atwood was entitled to have full-thickness tear of the left shoulder rotator cuff added as a compensable condition of the claim because the prior

Office of Judges' Order of May 14, 2012, had stated that the compensable injury aggravated his pre-existing shoulder problems. The Office of Judges determined that this prior Order finally decided that the aggravation of Mr. Atwood's shoulder caused by the injury was also compensable. It further determined that this issue could not be re-litigated in its current Order. The Office of Judges found that the evidence in the record demonstrated that the aggravation of Mr. Atwood's shoulder problems had caused a tear of his left shoulder rotator cuff and that the condition should be added to the claim. It also concluded that the requested left shoulder arthroscopy should be authorized because it was related to this condition. Finally, the Office of Judges concluded that Mr. Atwood was entitled to temporary total disability benefits from February 5, 2012, through November 19, 2012, based on the treatment notes from Dr. Kominsky. However, it found that Mr. Atwood could be entitled to additional temporary total disability benefits if substantiated by proper medical evidence. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Atwood has demonstrated that the full-thickness tear of his left shoulder is causally related to the compensable January 14, 2012, injury. The May 14, 2012, Order of the Office of Judges determined that Mr. Atwood suffered an aggravation of his pre-existing shoulder problems as part of the compensable injury. This Order has become final and is sufficient to justify adding full-thickness tear of the rotator cuff as a compensable condition of the claim. The addition of this condition is also supported by the medical evidence in the record, especially the MRI taken on February 7, 2012, which indicates that Mr. Atwood developed this tear after the date of the injury. The Office of Judges properly authorized the requested left shoulder arthroscopy because it is medically related and reasonably required to treat the tear of Mr. Atwood's rotator cuff. Mr. Atwood is also entitled to temporary total disability benefits from February 5, 2012, through November 19, 2012, because this period of disability is related to the tear of his rotator cuff and the surgery authorized by the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II